ALLISON M. SCOTT (Bar No. 305989)
allison.scott@huschblackwell.com
HUSCH BLACKWELL LLP
355 South Grand Avenue, Suite 2850
Los Angeles, CA  90071
Telephone: (213) 337.6550
Facsimile: (213) 337.6551

Attorneys for Defendant,
TRANSDEV ALTERNATIVE SERVICES, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN HOUSTONE, an individual,<br><br>      Plaintiff,<br><br>    v.<br><br>TRANSDEV ALTERNATIVE SERVICES, INC., a Delaware Corporation; and DOES 1 TO 50<br><br>      Defendants. | Case No.<br><br>*(Removed from San Francisco County Superior Court Case No. CGC-26-633302)*<br><br>**DEFENDANT TRANSDEV ALTERNATIVE SERVICES, INC.'S NOTICE OF REMOVAL**<br><br>Complaint Filed:    January 26, 2026<br>Removal Date:    March 16, 2026 |

HUSCH BLACKWELL LLP
355 SOUTH GRAND AVENUE, SUITE 2850
LOS ANGELES, CALIFORNIA 90071
(213) 337-6550

DEFENDANT TRANSDEV ALTERNATIVE SERVICES, INC'S NOTICE OF REMOVAL

HUSCH BLACKWELL LLP
355 SOUTH GRAND AVENUE, SUITE 2850
LOS ANGELES, CALIFORNIA 90071
(213) 337-6550

**TO THIS HONORABLE COURT, ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Transdev Alternative Services, Inc. (hereinafter "Defendant") by and through its counsel, invokes this Court's jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, and removes this action from the Superior Court of the State of California for the County of San Francisco (the "State Court"). As grounds for removal, Defendant states as follows:

<u>**STATEMENT OF JURISDICTION AND VENUE**</u>

1.	This Court has original jurisdiction over this action under 28 U.S.C. § 1332 as the parties are completely diverse and the amount in controversy exceeds the jurisdictional minimum of $75,000, exclusive of interest and costs.

2.	The diversity statute, 28 U.S.C. § 1332, grants this Court original jurisdiction over this action because Plaintiff is a citizen of California, Defendant is a citizen of Delaware and Illinois, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Plaintiff has alleged damages of up to $5,000,000 (i.e., $1,000,000 in compensatory damages, an equivalent amount in liquidated damages, and $3,000,000 in civil penalties), which far exceeds the jurisdictional threshold. Complete diversity of citizenship exists, and the amount in controversy, calculated based on Plaintiff's own allegations and applicable statutory formulas, exceeds $75,000.

3.	Venue for this action lies in the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 84(a), 1391, and 1441 because this is the judicial district in which the action was filed and where the case is pending.

<u>**PROCEDURAL BACKGROUND**</u>

4.	On January 26, 2026, Plaintiff Adrian Houstone ("Plaintiff") filed a civil complaint against Transdev in the Superior Court of the State of California for the County of San Francisco, *Houstone v. Transdev Alternative Services, Inc.*, Case No. CGC-26-633302 (the "Complaint"). Plaintiff's Complaint sets forth the following causes of action: (1) Unpaid Wages and Overtime; (2) Failure to Provide Meal Periods; (3) Failure to Provide Rest Periods; (4)

DEFENDANT TRANSDEV ALTERNATIVE SERVICES, INC'S NOTICE OF REMOVAL

Failure to Provide Accurate Wage Statements; (5) Waiting Time Penalty for Nonpayment of Wages; and (6) Violation of Business and Professions Code section 17200. Plaintiff also indicates an intent to pursue claims under the Private Attorneys General Act ("PAGA"), California Labor Code § 2698 et seq., which further increases the amount Plaintiff seeks to recover. *See* Summons and Complaint, attached as **Exhibit A**.

5.      Plaintiff served the Summons and Complaint and all of the other related court documents on Defendant on February 13, 2026. *See id.,* Proof of Service, attached as **Exhibit B**.

6.      On March 13, 2026, Defendant filed an Answer to Plaintiff's Complaint in State Court. A copy of the Answer is attached as **Exhibit C**.

7.      The undersigned counsel certifies that a copy of this Notice of Removal and all supporting documents will be served on Plaintiff's counsel and filed with the Clerk of the San Francisco County Superior Court, as required by 28 U.S.C. § 1446(d).

8.      This Notice of Removal has been filed within thirty (30) days after Defendant was served with a copy of the Summons and Complaint upon which this action is based. This Notice of Removal therefore is filed within the time period provided by 28 U.S.C. § 1446(b).

9.      The Summons and Complaint, along with the Civil Case Cover Sheet, Notice to Plaintiff, Proof of Service of Summons, and Defendant's Answer to Plaintiff's Complaint, are being filed with this Notice as required by 28 U.S.C. § 1446(a).

10.      Pursuant to 28 U.S.C. § 1446(b)(2)(A), all defendants who have been properly joined and served must join in or consent to the removal of the action. Defendant is informed and believes that there are no other defendants named in this complaint other than fictitiously named Doe defendants who have not been identified or served.

11.      Venue for this action lies in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1441 because this is the judicial district in which the action was filed and where the case is pending.

12.      The Superior Court of the State of California, County of San Francisco, is within the United States District Court for the Northern District of California. Thus, pursuant to 28 U.S.C. § 84 and 1441(a), venue in the United States District Court for the Northern District of

HUSCH BLACKWELL LLP
355 SOUTH GRAND AVENUE, SUITE 2850
LOS ANGELES, CALIFORNIA 90071
(213) 337-6550

3

California is proper.

## DIVERSITY JURISDICTION EXISTS

13.     Under 28 U.S.C. § 1332(a), district courts have original jurisdiction when the controversy is between citizens of different states, and the amount in controversy exceeds the jurisdictional requirement of $75,000.00, exclusive of interest and costs.

14.     This action is removable pursuant to 28 U.S.C. §§ 1332 and 1441 because the citizenship of the real parties in interest is completely diverse, and the amount in controversy exceeds the jurisdictional requirement of $75,000.00.

**A.      The Parties are Citizens of Different States.**

15.     For purposes of diversity jurisdiction, a person is a citizen of the state in which he or she is domiciled. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989). "[D]omicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there." *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989).

### *i.      Plaintiff is a Citizen of California.*

16.     Plaintiff alleges he is domiciled in California. *See* Exhibit A (Compl. ¶ 2). Accordingly, Plaintiff is a citizen of California for purposes of diversity jurisdiction. *See Mpock v. FCA US LLC*, 2021 WL 5356472, at *5 (E.D. Cal. Nov. 17, 2021), report and recommendation adopted, 2021 WL 5966833 (E.D. Cal. Dec. 16, 2021); *Aminiasl v. Volkswagen Grp. of Am., Inc.*, 2023 WL 3005003, at *2 (C.D. Cal. Apr. 19, 2023).

### *ii.      Transdev is a Citizen of Delaware and Illinois.*

17.     A corporation is a citizen of any state where it is incorporated and where its principal place of business is located. 28 U.S.C. § 1332(c).

18.     A corporation's principal place of business is determined by the "nerve center" test, which looks to where the corporation maintains its corporate headquarters and where the corporation's officers direct, control, and coordinate the corporation's activities. *Hertz Corp. v. Friend*, 559 U.S. 77, 90-94 (2010).

19.     Transdev Alternative Services, Inc. is, and at all relevant times was, a citizen of

4

Delaware (its state of incorporation) and Illinois (its principal place of business). Although it is properly registered to conduct business in the State of California, Transdev is not, and was not at any relevant time, a citizen of the State of California.

### iii.   Doe Defendants

20.     In determining whether a civil action is removable under 28 U.S.C. § 1332(a), "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1); s*ee also Soliman v. Philip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002). Accordingly, the citizenship of any Doe Defendants should be disregarded.

### iv.   The Parties Are Completely Diverse.

21.     Therefore, because Plaintiff is a citizen of California, Transdev is a citizen of Delaware and Illinois, and the citizenship of Doe Defendants is disregarded, the complete-diversity requirement is met. 28 U.S.C. § 1332(a).

**B.     The Amount in Controversy Exceeds $75,000.**

22.     Pursuant to 28 U.S.C. § 1332, the amount in controversy based on Plaintiff's claims and damages allegations must exceed the jurisdictional requirement of $75,000.00.   28 U.S.C. § 1332(a) provides that the "amount-in-controversy requirement excludes only interest and costs."   *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007) (internal quotation marks omitted). Here, Plaintiff has alleged that the amount in controversy is at least $5,000,000. *See* Exhibit A (Compl. ¶ 23). Even if the Court were to disregard Plaintiff's Notice of Damages and instead calculate damages based solely on the specific factual allegations in the Complaint using applicable statutory formulas, the amount in controversy exceeds $75,000 as demonstrated below.

23.     In determining the amount in controversy, the Court must assume Plaintiff will prevail on each of his claims.   *Roth v. Comerica Bank*, 799 F. Supp. 2d 1107, 1117 (C.D. Cal. 2010) ("The ultimate inquiry is what amount is put in controversy by the plaintiff's complaints, not what a defendant will actually owe").

24.     A defendant must only make a plausible allegation of the amount in controversy. See *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).   The Ninth

HUSCH BLACKWELL LLP
355 SOUTH GRAND AVENUE, SUITE 2850
LOS ANGELES, CALIFORNIA 90071
(213) 337-6550

DEFENDANT TRANSDEV ALTERNATIVE SERVICES, INC'S NOTICE OF REMOVAL

HUSCH BLACKWELL LLP
355 SOUTH GRAND AVENUE, SUITE 2850
LOS ANGELES, CALIFORNIA 90071
(213) 337-6550

Circuit employs "a preponderance of the evidence standard when the complaint does not allege a specific amount in controversy." *See Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400-01 (9th Cir. 2010). Under the "preponderance of the evidence" standard, the amount in controversy can incorporate assumptions, including the maximum amount "put into issue," as "the amount in controversy is simply an estimate of the total amount in dispute." *Id.*

25. The law does not require the removing defendant to research, state, and prove the exact amount the plaintiff sought by filing suit. *See Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008). Where the complaint is ambiguous, "a defendant's reasonable extrapolations from the plaintiff's allegations" can establish the amount in controversy. *Patel v. Nike Retail Servs., Inc.*, 58 F. Supp. 3d 1032, 1041 (N.D. Cal. 2014).

### i. *Plaintiff Acknowledged the Amount in Controversy Exceeds $75,000.00.*

26. In the Civil Case Cover Sheet, Plaintiff designated this case as an unlimited civil case, where the amount demanded exceeds $35,000.00. *See* Civil Case Cover Sheet, attached as **Exhibit D**. As such, Plaintiff admits that the damages sought for the causes of action asserted in the Complaint, at a minimum, exceed $35,000—the jurisdictional minimum amount for an unlimited civil case under California Code of Civil Procedure Section 85.

27. Moreover, in Plaintiff's Notice of Damages, Plaintiff explicitly states that he will seek a default judgment in an amount up to $1,000,000 for compensatory damages, an equivalent amount in liquidated damages, and $3,000,000 in civil penalties. *See* Exhibit A (Compl. ¶ 23). Thus, by Plaintiff's own allegations, the amount in controversy in this case is at least $5,000,000, far exceeding the $75,000 jurisdictional threshold for diversity jurisdiction.

### ii. *Lost Wages.*

28. Plaintiff alleges he experienced wage and hour violations during his employment with Defendant. *See* Exhibit A (Compl. ¶¶ 6-21).

29. Plaintiff held multiple positions during his employment, including Vehicle Driver, Fleet Deployment Specialist, Operations Site Lead ("OSL"), and Operations Supervisor. *Id.* at ¶7. Until approximately July 13, 2025, Plaintiff was allegedly classified as an hourly, non-exempt employee. On or about that date, Defendant reclassified Plaintiff as salaried and purportedly

6

exempt. *Id.* at ¶¶ 15-16.

30.     Plaintiff's Complaint does not specify the total amount of damages Plaintiff seeks to recover for his wage and hour allegations. However, Plaintiff alleges a litany of wage and hour violations, including but not limited to: (1) failing to pay Plaintiff all regular and overtime wages for hours worked; (2) failing to pay Plaintiff overtime wages for hours worked in excess of eight hours per day and forty hours per week; (3) failing to provide compliant meal periods and failing to pay premium wages for missed or delayed meal breaks; (4) failing to provide compliant rest periods and failing to pay premium wages for missed or delayed rest breaks; (5) failing to provide accurate itemized wage statements; and (6) failing to pay all wages owed upon termination. *Id.* at ¶¶ 8-21, 24-45.

Defendant's payroll records will confirm Plaintiff's actual hourly rate of pay. Defendant paid Plaintiff on a bi-weekly basis. For purposes of establishing the amount in controversy at this stage, Defendant uses the hourly rates in effect for Plaintiff during the limitations period:

(a)     $33.00/hour (January 26, 2023, through June 16, 2024) (approximately 73 weeks),

(b)     $38.00/hour (June 17, 2024, through July 12, 2025) (approximately 56 weeks), and

(c)     $43.00/hour (the hourly equivalent of Plaintiff's $89,440 annual salary) (July 13, 2025, through November 14, 2025, which is Plaintiff's alleged termination date) (approximately 18 weeks).

31.     Although Defendant denies Plaintiff's claims in their entirety and that Plaintiff can recover any sums in the Complaint, Plaintiff's claims for unpaid wages, overtime, liquidated damages, statutory penalties, and attorney fees for his wage and hour claims should also be considered as part of the amount in controversy. Based on Plaintiff's allegations in the Complaint, and for the purpose of establishing diversity jurisdiction, Defendant estimates Plaintiff is seeking the following amounts in damages:

(a)     <u>Unpaid Regular Wages and Overtime</u>: Plaintiff alleges both "unpaid regular wages" and "unpaid overtime wages" but does not specify whether these claims are based on the

HUSCH BLACKWELL LLP
355 SOUTH GRAND AVENUE, SUITE 2850
LOS ANGELES, CALIFORNIA 90071
(213) 337-6550

HUSCH BLACKWELL LLP
355 SOUTH GRAND AVENUE, SUITE 2850
LOS ANGELES, CALIFORNIA 90071
(213) 337-6550

same hours worked or different hours. *Id.* at ¶¶ 26-27. The Complaint does not identify specific hours that went completely uncompensated versus hours that were compensated at straight time but should have been paid at the overtime rate. To avoid speculative double-counting of the same work hours, Defendant calculated unpaid wage exposure based on Plaintiff's overtime allegations, as the overtime rate (time-and-a-half) encompasses both the regular wage component and the overtime premium for hours worked.

(b)    Further, the statute of limitations for unpaid overtime claims under California Labor Code § 1194 is three years. The Complaint was filed on January 26, 2026, making the relevant limitations period January 26, 2023, through November 14, 2025 (Plaintiff's alleged termination date).

(i)    *Period 1 (January 26, 2023 – July 12, 2025)*: During this approximately 129-week period, Plaintiff was classified as hourly and non-exempt. Plaintiff alleges Defendant "failed to pay Plaintiff all overtime wages owed for hours worked in excess of eight hours per day and forty hours per week" and that he "routinely worked in excess of eight hours per day and forty hours per week" throughout his employment. *Id.* at ¶¶ 9, 11. While Plaintiff was classified as non-exempt during this period, he alleges he was not paid for all overtime hours worked. For purposes of removal jurisdiction only, Defendant conservatively estimates 2 hours of unpaid overtime per workweek during this period, calculated using Plaintiff's rates in effect: (1) $33/hour period (approximately 73 weeks): 73 weeks × 2 hours/week × $49.5/hour (time-and-a-half rate, rounded) = $7,227.00. (2) $38/hour period (approximately 56 weeks): 56 weeks × 2 hours/week × $57/hour (time-and-a-half rate) = $6,384. Total Period 1 unpaid overtime = $13,611.00.

(ii)    *Period 2 (July 13, 2025 – November 14, 2025)*: During this approximately 18-week period within the three-year statute of limitations, Plaintiff alleges he was misclassified as exempt and alleges he "continued to routinely work in excess of eight hours per day and forty hours per week and was not paid

overtime compensation for any such hours." *Id.* at ¶ 20. Solely for purposes of removal, Defendant conservatively estimates 2 hours of unpaid overtime per week during this period: 18 weeks × 2 hours × $64.5/hour = $2,322.00. Total Period 1 and 2 unpaid overtime = $15,933.00.

(c)    Liquidated Damages: The amount in controversy includes all relief a court may award on the complaint if Plaintiff prevails, including the maximum recovery Plaintiff could reasonably obtain. *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 415 (9th Cir. 2018); *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019); *Hill v. Hogan Pers.*, LLC, No. EDCV 25-0564 JGB (SHKX), 2025 WL 1898255, at *5–6 (C.D. Cal. July 9, 2025) (including liquidated damages under § 1194.2 even where plaintiff disclaimed seeking them). Here, Plaintiff expressly seeks liquidated damages under Labor Code § 1194.2(a). *Id*. at ¶ 28. And in Plaintiff's Notice of Damages, Plaintiff states he will seek "an equivalent amount in liquidated damages" in addition to the $1,000,000 in compensatory damages demanded. *Id.* at ¶ 23. Accordingly, $1,000,000 in liquidated damages is included in the amount in controversy.

(d)    Meal Periods: Plaintiff is seeking at least $10,622.00 in damages related to violations of California's meal period law. This calculation is based on Cal. Lab. Code § 226.7(c)'s statutory damages of "one additional hour of pay at the employee's regular rate of compensation for each workday that the meal … period is not provided." Meal period premium payments are considered wages subject to the three-year statute of limitations under California Labor Code §§ 226.7 and 218.5. Plaintiff alleges he was "frequently required to work through meal periods, eat while performing work duties, and remain on duty without being relieved of all work responsibilities," and that Defendant "failed to provide Plaintiff with legally compliant off-duty meal periods." *Id.* at ¶¶ 12–13, 30–32. Solely for purposes of removal, Defendant conservatively estimates that meal period violations occurred twice per week over the three-year statute of limitations period (approximately 147 weeks from January 26, 2023, through November 2025), using Plaintiff's rates in effect during each period:

(i)    $33.00/hour period (approx. 73 weeks): $33.00 × 2 violations/week × 73 weeks = $4,818.00

HUSCH BLACKWELL LLP
355 SOUTH GRAND AVENUE, SUITE 2850
LOS ANGELES, CALIFORNIA 90071
(213) 337-6550

9

(ii)    $38.00/hour period (approx. 56 weeks): $38.00 × 2 violations/week × 56 weeks = $4,256.00.

(iii)    $43.00/hour period (approx. 18 weeks): $43.00 × 2 violations/week × 18 weeks = $1,548.00.

(e)    Rest Periods: Plaintiff is seeking at least $10,622.00 in damages related to violations of California's rest period law. Cal. Lab. Code § 226.7(c) controls violations of both rest periods and meal periods. Rest period premium payments are considered wages subject to the three-year statute of limitations under California Labor Code §§ 226.7 and 218.5. Plaintiff alleges Defendant "failed to provide Plaintiff with legally compliant … rest periods and failed to pay premium compensation for missed, delayed, or non-compliant meal and rest breaks." *Id.* at ¶13. Potential liability at issue on Plaintiff's rest period claim, using the same conservative estimate of twice per week over the three-year statute of limitations period, is equal to the meal period claim:

(i)    $33.00/hour period (approx. 73 weeks): $33.00 × 2 violations/week × 73 weeks = $4,818.00

(ii)    $38.00/hour period (approx. 56 weeks): $38.00 × 2 violations/week × 56 weeks = $4,256.00.

(iii)    $43.00/hour period (approx. 18 weeks): $43.00 × 2 violations/week × 18 weeks = $1,548.00.

(f)    Wage Statements: Plaintiff is seeking $2,050 as damages for alleged violations of Cal. Lab. Code § 226. This calculation is based on Cal. Lab. Code § 226(e), which allows for damages of $50 for the initial violation and $100 per employee for each violation in a subsequent pay period, up to a maximum of $4,000. Plaintiff alleges Defendant "failed to maintain accurate records of all hours worked by Plaintiff and failed to provide accurate itemized wage statements reflecting all wages earned and all hours worked." *Id.* at ¶14. The statute of limitations for wage statement penalties under California Labor Code § 226(e)(1) is one year. Within the one-year statute of limitations period (approximately January 26, 2025, through November 14, 2025, or approximately 42 weeks), Plaintiff received approximately 21 bi-weekly pay periods, and potential liability is approximately $2,050.00 (i.e., $50 for the initial pay period + $100 for each

HUSCH BLACKWELL LLP
355 SOUTH GRAND AVENUE, SUITE 2850
LOS ANGELES, CALIFORNIA 90071
(213) 337-6550

DEFENDANT TRANSDEV ALTERNATIVE SERVICES, INC'S NOTICE OF REMOVAL

of the remaining pay periods: $50 + ($100 × (21 − 1)) = $2,050.00).

(g)   Payment Upon Termination (Waiting Time Penalties): Plaintiff is seeking at least $10,320.00 in damages on his claim for failure to pay wages when due upon termination. This calculation is based on Cal. Lab. Code § 203's maximum penalty of 30 days of pay. While the statute of limitations to bring a waiting time penalty claim is three years under California Labor Code § 203, the penalty period itself is capped at 30 days of continued wages. Plaintiff alleges Defendant "willfully failed to pay Plaintiff all wages when due" upon separation in November 2025. *Id.* at ¶ 40. Using Plaintiff's estimated regular rate at separation ($43.00/hour): $43.00 × 8 × 30 = $10,320.00.

### iii.   Business and Professions Code Section 17200

32.   Plaintiff's sixth cause of action under Business and Professions Code section 17200 is derivative of his other wage and hour claims and seeks restitution for "any compensation unlawfully withheld from Plaintiff." *Id.* at ¶¶ 42-45.

33.   UCL claims are subject to a four-year limitations period. Bus. & Prof. Code § 17208; *Cortez v. Purolator Air Filtration Prods. Co.*, 23 Cal. 4th 163, 178–79 (2000) (holding § 17208 is unambiguous and that "'[a]ny action on any UCL cause of action is subject to the four-year period of limitations . . . .'"). Accordingly, Plaintiff's UCL claim potentially places $10,556.00 in controversy for one additional one-year period of restitutionary recovery for the same alleged unpaid wages (including overtime) and meal/rest period premium wages beyond the three-year Labor Code limitations periods applied above (January 26, 2022, through January 25, 2023).

34.   For purposes of removal only, Defendant conservatively uses $29.00/hour, the lowest regular hourly rate reflected in Plaintiff's pay records provided to date, to estimate the additional amount in controversy attributable to the UCL's four-year lookback period.[1]

---

[1] Conservative estimate of additional UCL lookback exposure (1/26/2022–1/25/2023; approx. 52 weeks): Using the same conservative assumptions applied above (2 hours of unpaid overtime per week; two meal-period violations per week; and two rest-period violations per week), and using $29.00/hour as Plaintiff's regular rate (OT rate $43.50/hour), the additional one-year UCL lookback places approximately $10,556.00 in controversy, calculated as follows: (i) unpaid

HUSCH BLACKWELL LLP
355 SOUTH GRAND AVENUE, SUITE 2850
LOS ANGELES, CALIFORNIA 90071
(213) 337-6550

*iv.* **Attorney's Fees.**

35. Plaintiff's Complaint seeks an award of attorneys' fees. Exhibit A, Prayer for Relief ¶ 5.

36. Plaintiff is entitled to recover reasonable attorney's fees for his unpaid overtime claim pursuant to California Labor Code § 1194(a) and for his wage statement claim pursuant to California Labor Code § 226(e).

37. Plaintiff's alleged statutory attorneys' fees may be included in calculating the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (when underlying statute authorizes award of attorneys' fees, fees may be included in amount in controversy); *See also Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995).

38. Courts have held that a reasonable rate for employment cases is $300.00 per hour and that 100 hours is an appropriate and conservative estimate of the number of hours expended through trial for an employment action. *Adkins v. J.B. Hunt Transport, Inc.*, 293 F. Supp. 3d 1140, 1147 (E.D. Cal. 2018) ("'Accordingly, the court will consider a reasonable and conservative estimate of the attorney's fees at the time of removal would be $30,000.'"); s*ee also Arroyo v. Svela*, 2012 U.S. Dist. LEXIS 113725, at *4-5 (C.D. Cal. Aug. 13, 2012) (finding hourly rate of $425 reasonable in an employment case, and a total fee award of $48,660 for 113 hours through bench trial reasonable).

39. However, assuming the lowest end of damages, the Court should consider at least $30,000 in attorneys' fees to determine the amount in controversy for establishing jurisdiction. *See Adkins*, 293 F. Supp. 3d at 1147.

*v.* **Total Amount in Controversy.**

40. The amount in controversy for purposes of jurisdiction is the total amount at stake in the litigation. *Theis Research, Inc. v. Brown & Bain*, 400 F.3d 659, 662 (9th Cir. 2005).

41. Plaintiff has alleged potential damages of up to $5,000,000. *See* Exhibit A (Compl.

---

overtime: 52 weeks × 2 hours/week × $43.50 = $4,524.00; (ii) meal period premiums: 52 weeks × 2 violations/week × $29.00 = $3,016.00; and (iii) rest period premiums: 52 weeks × 2 violations/week × $29.00 = $3,016.00.

HUSCH BLACKWELL LLP
355 SOUTH GRAND AVENUE, SUITE 2850
LOS ANGELES, CALIFORNIA 90071
(213) 337-6550

¶ 23). Even excluding Plaintiff's request for liquidated damages, Defendant's conservative estimate—based solely on the Complaint's allegations and applicable statutory formulas—puts at least $90,103.00 in controversy. Including Plaintiff's claimed liquidated damages, at least $1,090,103.00 is in controversy.

| Category | Amount |
|---|---|
| Unpaid Regular and Overtime Wages | $15,933.00 |
| Liquidated Damages (§ 1194.2) | $1,000,000.00 |
| Meal Period Premiums (§ 226.7) | $10,622.00 |
| Rest Period Premiums (§ 226.7) | $10,622.00 |
| Wage Statement Penalties (§ 226(e)) | $2,050.00 |
| Waiting Time Penalties (§ 203) | $10,320.00 |
| UCL Restitution (Bus. & Prof. Code § 17200) | $10,556.00 |
| Attorneys' fees (Lab. Code §§ 1194(a), 226(e)) | $30,000.00 |
| TOTAL | **$ 1,090,103.00** *($90,103.00, excluding liquidated damages)* |

42.    This total amount at stake in this litigation exceeds the jurisdictional amount of $75,000.00. Moreover, Plaintiff's own allegation that the amount in controversy is at least $5,000,000 independently establishes that the jurisdictional threshold is satisfied.

HUSCH BLACKWELL LLP
355 SOUTH GRAND AVENUE, SUITE 2850
LOS ANGELES, CALIFORNIA 90071
(213) 337-6550

43.    In sum, Defendant has satisfied its burden to show that the jurisdictional requirements have been established.

## CONCLUSION

Accordingly, Defendant respectfully removes the above-entitled action now pending before the Superior Court of the State of California for the County of San Francisco to the United States District Court for the Northern District of California.

Dated: March 16, 2026                                    HUSCH BLACKWELL LLP


                                                        By: */s/ Allison M. Scott*
                                                        ALLISON M. SCOTT

                                                        Attorneys for Defendant TRANSDEV
                                                        ALTERNATIVE SERVICES,
                                                        INC.,

HUSCH BLACKWELL LLP
355 SOUTH GRAND AVENUE, SUITE 2850
LOS ANGELES, CALIFORNIA 90071
(213) 337-6550

DEFENDANT TRANSDEV ALTERNATIVE SERVICES, INC'S NOTICE OF REMOVAL

**PROOF OF SERVICE**

*Adrian Houstone v. Transdev Alternative Services, Inc.*
U.S. District Court Central District Case No.

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Dallas, State of Texas. My business address is 1800 N. Pearl Street, Suite 1800, Dallas, TX 75201.

On March 16, 2026, I served true copies of the following document(s) described as **DEFENDANT TRANSDEV ALTERNATIVE SERVICES, INC.'S NOTICE OF REMOVAL** on the interested parties in this action as follows:

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 16, 2026, at Dallas, Texas.

*/s/ Crystal Rose*
CRYSTAL ROSE

1

DEFENDANT TRANSDEV ALTERNATIVE SERVICES, INC'S NOTICE OF REMOVAL
HB: 4907-4959-0930.5